IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HELEN HEWETT,**

        Plaintiff,

v.                                                        CIVIL ACTION NO. 3:20-CV-185
                                                                 (GROH)

**JOYCE MCDONALD, LISA
GOSHORN, and MICHELE MICHAEL**

        Defendants.

**REPORT AND RECOMMENDATION**

### I.    INTRODUCTION

Pending before the Court is Plaintiff Helen Hewett's, ("Plaintiff") pro se Motion [ECF No. 6] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff has filed the claim in the wrong venue and failed to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II.    THE COMPLAINT

On September 24, 2020, Plaintiff filed the instant pro se complaint alleging that Defendants Joyce McDonald, Lisa Goshorn, and Michele Michael (collectively,

---

[1] This action was referred to the undersigned by order dated October 29, 2020. ECF No. 7.

1

"Defendants") harmed Plaintiff and Plaintiff's children. ECF No. 1 at 1. Plaintiff alleges that Joyce McDonald, in her role as a landlord, "had fake police on the property raping children."[2] Id. At some point in time[3], Joyce McDonald supposedly allowed individuals to abuse Plaintiff and her children[4]. Id. Plaintiff contends that Andrew Greene[5] beat her children and Defendant Lisa Goshorn molested Plaintiff's daughter[6]. Id. Further, Plaintiff accuses Joyce McDonald of allowing Michele Michael[7], Plaintiff's ex-husband's daughter, onto the property, who Plaintiff asserts is a child molester. Id. at 2. Finally, Plaintiff states that Plaintiff's children are missing[8], and Joyce McDonald is committing embezzlement[9]. Id.

Plaintiff demands that her children be returned to Plaintiff.[10] Id. Further, Plaintiff requests that Joyce McDonald be imprisoned based on Plaintiff's child molestation allegations against Joyce McDonald. Id. Additionally, Plaintiff seeks monetary damages in the amount of $500,000,000.00 for pain and suffering.[11] Id. Plaintiff asserts that Plaintiff has had to flee through eight states, is divorced, and homeless because of Joyce

---

[2] It is unclear how Plaintiff is connected to Cardinal Glen Commons, where Joyce McDonald is the landlord. Plaintiff does not provide any information to demonstrate that she lives or has lived on the property.
[3] Plaintiff does not indicate when the alleged acts of abuse occurred and for how long.
[4] Plaintiff does not indicate how Joyce McDonald allowed individuals to abuse Plaintiff and Plaintiff's children.
[5] Andrew Greene is not a named Defendant in this matter.
[6] Plaintiff does not provide any additional facts as to the reported molestation of Plaintiff's daughter by Lisa Goshorn.
[7] This is the only reference Michele Michael, a named Defendant in the complaint.
[8] Plaintiff provides no facts as to how and why her children are missing. Plaintiff merely states that her children are still missing.
[9] Plaintiff provides no facts as to how Joyce McDonald is committing embezzlement and how this relates to Plaintiff's complaint. Previously in the complaint, Plaintiff refers to Joyce McDonald committing embezzlement regarding a fake lease. ECF No. 1 at 2. However, it is unclear how the lease relates to Plaintiff.
[10] It is unclear to the undersigned who Plaintiff believes has possession of her children, how many children she has, and how many or which of her children are missing. Plaintiff appears to have at least one daughter. Additionally, Plaintiff lists two minor children in her Motion for Leave to Proceed In Forma Pauperis. ECF No. 6 at 3.
[11] Plaintiff does not state how much in monetary damages Plaintiff is seeking from each of the Defendants. Plaintiff merely makes a demand for the $500,000,000.00.

McDonald's harassment and embezzlement. Id.

### IIII.  LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction[12]. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff claims this Court has diversity jurisdiction under § 1332. See ECF No. 1 at 1. Based on the limited information in the complaint, Plaintiff is a citizen of West Virginia. ECF No. 1 at 1. Plaintiff lists all Defendants as residing at an address in Pennsylvania. Id. Further, the amount-in-controversy exceeds $75,000. Id. at 2. Therefore, based on the information the undersigned has before him, diversity jurisdiction does exist under § 1332.

---

[12] Plaintiff does not appear to argue that this Court has federal-question jurisdiction. Plaintiff is not seeking relief based on violations of federal statute or the Constitution of the United States.

However, even though diversity jurisdiction exists, the complaint must be filed and heard in the proper venue. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in--

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, although the Plaintiff resides in Berkeley County, West Virginia, within this judicial district[13], the Defendants reside in Fulton County, Pennsylvania[14]. Moreover, it appears that a substantial portion of the events giving rise to the Plaintiff's claims occurred in Fulton County, Pennsylvania. Plaintiff has provided no facts that would indicate acts related to this matter occurred in the Northern District of West Virginia.[15] Because Defendant resides in the Northern District of West Virginia and the events occurred in the Middle District of Pennsylvania, venue is not appropriate in this Court.

---

[13] It is unclear how long Plaintiff has lived in Berkeley County, West Virginia.
[14] The undersigned presumes for this Report and Recommendation that Defendants reside at the same address because Plaintiff listed only one address under all three of Defendants' names in the caption of the case.
[15] It appears the alleged acts giving rise to the complaint occurred in and around the Cardinal Glen Commons in McConnellsburg, Pennsylvania.

**B. Failure to State a Claim**

It is generally difficult to understand what Plaintiff is alleging and against whom. Plaintiff mentions several individuals in the complaint who allegedly committed multiple illegal acts. See ECF No. 1 at 1-2. However, Plaintiff only named three Defendants in the complaint, and it is unknown how these additional individuals relate to the claims against Defendants. Thus, the undersigned will only consider the facts that relate to the three named Defendants Joyce McDonald, Lisa Goshorn, and Michele Michael.

Even liberally construed, Plaintiff's complaint is generally incomprehensible and leaves both this Court, and the would-be Defendants in this case, largely guessing as to what Plaintiff's claims are and the grounds upon which they rest. See Twombly, 550 U.S. at 555. Although Plaintiff alleges that Joyce McDonald allowed individuals to abuse her and her children [ECF No. 1 at 1-2], she provides no facts to support this claim. The Court needs specified facts and not just general, conclusory statements to determine if Plaintiff has a claim upon which any court could grant relief. See Twombly, 550 U.S. at 555. Also, Plaintiff mentions in the complaint that Joyce McDonald committed embezzlement. ECF No. 1 at 2. Again, there are no facts to enable the undersigned to construe what Joyce McDonald allegedly did and how Plaintiff was harmed as a result. The Court cannot make a real determination as to the plausibility of the claim because no factual details are provided to explain the basis of Plaintiff's accusations.

Additionally, almost no information is provided regarding Defendants Lisa Goshorn and Michele Michael. Plaintiff merely states Lisa Goshorn molested Plaintiff's daughter and provides no additional facts. Id. at 1. Plaintiff does not state when or how this occurred. Likewise, Michele Michael is referenced only once in the complaint, where

Plaintiff appears to refer to Michele Michael as a child molester. Id. at 2. There are no facts provided that support this Court's ability to grant Plaintiff relief. Merely referring to an individual as a child molester is insufficient to demonstrate a factual basis for the claim to the Court. Further, the complaint provides no comprehensible facts that demonstrate how Plaintiff's children are missing and who may be responsible.[16] Therefore, Plaintiff's complaint fails to state a claim upon which relief could be granted.

## V.     RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 6] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Helen Hewett, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841,

---

[16] The allegations contained in Plaintiff's complaint are serious and disturbing, which the undersigned does not take lightly. However, broad, conclusory allegations and labels without a scintilla of factual support is insufficient to state a claim upon which relief can be granted.

845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 4th day of November, 2020.

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE